Gregory KOMAROVSKY;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70029.

Agency Nos. A75–526–226, A75–526–227.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2004.[*]

Decided Oct. 15, 2004.

Maria Wolfinger, Phoenix, AZ, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, U.S. Immigration Service, Phoenix, AZ, Douglas E. Ginsburg, John D. Williams, U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, BRUNETTI, and GRABER, Circuit Judges.

### MEMORANDUM[**]

Gregory and Elena Komarovsky (collectively, "petitioners") petition for review of the Board of Immigration Appeal's ("BIA") denial of their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we hereby affirm the BIA.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Petitioners bear the burden of demonstrating that they are unable or unwilling to return to Israel "because of [past] persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1), 1101(a)(42); *Ghaly v. INS,* 58 F.3d 1425, 1428 (9th Cir.1995).

Petitioners presented evidence of having difficulty in obtaining employment, being accosted while driving on the Jewish Sabbath, and being harassed on several occasions for specific non-Jewish activities or characteristics. The mild mistreatment they suffered, coupled with their failure to seek redress through the available legal processes and their parents' continued residence in Israel, belies the assertion that they were persecuted in Israel. Thus, substantial evidence supports the BIA's conclusion that petitioners failed to carry their burden, and were thus ineligible for the discretionary relief of asylum.

Moreover, because they are "[u]nable to meet the lesser standard for eligibility for asylum, [petitioners] are necessarily incapable of establishing eligibility for withholding of deportation." *Gormley v. Ashcroft,* 364 F.3d 1172, 1180 (9th Cir.2004).

**PETITION DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.